B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Pelton Smalls, an individual | **DEFENDANTS**<br>JONATHAN EDWARD BROWN-VILLANUEVA, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Lockhart Law Firm, A.P.C.<br>41856 Ivy St., Suite 207, Murrieta, CA 92562<br>T: (951) 461-8878; F: (951) 823-5715 | **ATTORNEYS** (If Known)<br>Borowitz & Clark LLP<br>100 N. Barranca Ave., Ste 250, West Covina, CA 91791 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Creditor's Adversary Proceeding Complaint for Avoidance of Discharge of Debt [11 U.S.C. 523 (a)(2)(A)].

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 30,482.02 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>JONATHAN EDWARD BROWN-VILLANUEVA | BANKRUPTCY CASE NO.<br>2:16-bk-12160-SK | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Hon. Sandra R. Klein |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>5/18/2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Samuel G Lockhart<br>Counsel for Creditor, Pelton Smalls | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys**. Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand**. Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Lockhart Law Firm, A.P.C.
Samuel G. Lockhart [SBN 256152]
41856 Ivy St. Ste. 207
Murrieta, CA 92562
Telephone: (951) 461-8878
Facsimile: (951) 823-5715

Attorney for Plaintiff Pelton Smalls

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:16-bk-12160-SK |
| JONATHAN EDWARD BROWN-VILLANUEVA, an individual, | Chapter 13 |
| | Adv. Case No. |
| Debtor, | **COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT** |
| PELTON SMALLS, an individual, | |
| Plaintiff, | |
| vs. | |
| JONATHAN EDWARD BROWN-VILLANUEVA, an individual, | DATE:<br>TIME:<br>DEPT.: |
| Defendant. | |

**COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY**
**UNDER 11 U.S.C. § 523(a)(2)(A)**

Pelton Smalls, the Plaintiff herein, brings this Complaint against Jonathan Edward Brown-Villanueva, the Defendant, and alleges as follows:

1. This is a core proceeding over which this court has jurisdiction under title 28 U.S.C. §157(b).

1.
ADVERSARY COMPLAINT

2. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(1) (a proceeding to recover money or property).

3. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the Debtor's bankruptcy pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division entitled *In re Jonathan Edward Brown-Villanueva*, case number 2:16-bk-1260-SK on the docket of the court.

4. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) to determine the nondischargeability of a debt. Specifically, Plaintiff requests that this Court determine that a debt incurred by and through the fraudulent acts of the Defendant be determined to be nondischargeable. The debt arises out of the issues raised and asserted in Riverside Superior Court Case #RIC1505488.

5. Venue herein is proper in this district pursuant to 28 U.S.C. §1409(a), as this adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11 which is pending in this District and does not involve a consumer debt less than $5,000.

## BACKGROUND FACTS

6. The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on February 22, 2016 ("Petition Date").

7. In or around June 2014 Plaintiff Pelton Smalls was approached by Defendant Jonathan Villanueva to invest in the purchase of a home located at 220 West Phillips Blvd., Pomona, CA 91766 (the "Property") for the purpose of renovating and reselling the Property at a profit. Defendant requested that Plaintiff give Defendant $24,900 for the down payment on the Property. Plaintiff took out a cash advance against his credit card in the amount of $24,900 and gave that sum to Defendant who was doing business as Yamani Holdings, LLC via a cash advance on Plaintiff's personal credit card. A true and correct copy of an account statement from Plaintiff's American Express credit card is attached hereto as "Exhibit A." Plaintiff is informed and believes

and on that basis alleges that Yamani Holdings, LLC is not a California Limited Liability Company, but is the alter ego of Defendant, Jonathan Villanueva.

8. Defendant led Plaintiff to believe that he had purchased the Property. However, to date, the property remains in possession of an owner other than Defendant. Plaintiff demanded that Defendant return the $25,000 invested, but Defendant has refused to return the invested sum of $25,000.

## FIRST CLAIM FOR RELIEF

### (Avoidance of Discharge of Debt for Fraud)

### 11 U.S.C. 523(a)(2)(A)

9. Plaintiff by this reference incorporates each and every allegation contained in paragraphs 1 through 8 above as though set forth herein in their entirety.

10. The Defendant represented to Plaintiff the following:

   a. Defendant was in negotiations with the owners of the Property for the purchase of the Property;

   b. Defendant would use Plaintiff's investment of $24,900 for the purchase of the Property;

   c. Defendant would return Plaintiff's investment of $24,900 if Defendant was unable to acquire the Property;

   d. Defendant intended to purchase, renovate, and sell for a profit the Property and would divide any profit with Plaintiff.

11. Defendant's representations set forth above were not true;

12. Defendant knew that the representations made above were false when he made them or the Defendant made the representations without regard for their truth.

13. Defendant intended that Plaintiff rely on those representations.

14. Plaintiff reasonably relied on Defendant's representations.

15. As a proximate result of Plaintiff's reliance on those representations, Plaintiff was harmed in the amount of $24,900.00, plus interest and penalties paid to Plaintiff's credit card for a total amount of $30,482.02 as of May 17, 2016.

WHEREFORE, Plaintiff prays for judgment as follows:

**As to the First Claim for Relief**

1. For judgment exempting the debt owed to Plaintiff from discharge;

2. For costs of suit incurred herein, including attorney's fees and costs as provided by applicable case law, statute and/or agreement of the parties; and

3. For such other and further relief as the Court may deem just and proper under the circumstances of this case.

LOCKHART LAW FIRM, A.P.C.

Dated: May 20, 2016        BY: _____
Samuel G. Lockhart
Attorney for Plaintiff